IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEACHIE BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-cv-34-JTA |
| ) | (WO) |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Meachie Boone ("Boone"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Boone's claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the exercise of dispositive jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 10, 11.)

After careful scrutiny of the record and the parties' briefs, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

I.     **PROCEDURAL HISTORY AND FACTS**

Boone was 45 years old at the time of her alleged disability onset date of April 7, 2017. (R. 10, 18, 249.)[2] She graduated high school and completed some college courses. (R. 18, 35, 37.) Her work history consists of employment as a seasonal cashier, case aide worker, part-time librarian, customer service representative, laboratory mental records worker or clerk, and cake baker. (R. 60-61.) Boone sought a disability determination due to severe anemia, subdural hematoma, and menorrhagia. (R. 253.)

On May 17, 2017, Boone protectively filed for a period of disability and DIB under Title II (42 U.S.C. §§ 401, *et seq*.), and filed an application for SSI under Title XVI (42 U.S.C. §§ 1389, *et seq*.). (R. 10, 224-32.) These claims were denied administratively. (R. 10, 134, 142.) Boone requested an administrative hearing. (R. 161.) The hearing was held before an Administrative Law Judge ("ALJ") on January 14, 2020. (R. 10, 31-65.) The ALJ returned an unfavorable decision on February 4, 2020. (R. 7-23.) Boone sought review by the Appeals Council and it denied her request. (R. 1–6.) Thus, the hearing decision became the final decision of the Commissioner.[3]

On January 15, 2021, Boone filed the instant action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 15, 16, 21.) Hence, this matter is ripe for review.

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 17.)

[3] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec. Admin.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Dyer*, 395 F.3d at 1210; *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019).  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.  STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB and SSI must prove that she is disabled.[4]  *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920.  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  The evaluation is made at the hearing conducted by the ALJ.  *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  "Substantial gainful activity" is work activity that involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability.  20 C.F.R. § 404.1520(b).  Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that

---

[4] Although DIB and SSI are separate programs, the standards for determining disability are identical.  *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Boone met the insured status requirements of the Social Security Act through December 31, 2020. (R. 12.) The ALJ also found that Boone had not engaged in substantial gainful activity since April 7, 2017, the alleged onset date. (*Id.*) The ALJ found Boone had severe impairments of obesity, persistent right hemispheric subdural fluid collection status post surgery, thyroid disorder, and iron deficiency anemia. (R. 13.) Nevertheless, the ALJ concluded that Boone's severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 14.)

After consideration of the entire record, the ALJ determined that Boone retains the RFC to perform light work[5] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Boone "can push/pull as much as she can lift/carry." (R. 15.) The ALJ also found that Boone "can occasionally climb ramps, stairs, ladders, ropes, and scaffolds[]" and "can occasionally balance[.]" (*Id.*) The ALJ further found that Boone "can never be exposed

---

[5] Title 20 of the Code of Federal Regulations defines light work as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

to hazards such as unprotected heights and moving mechanical parts." (*Id.*) The ALJ determined that Boone has no past relevant work. (R. 18.)

After considering Boone's age, education, work experience and RFC, and having the benefit of testimony from a vocational expert ("VE"), the ALJ concluded that jobs exist in significant numbers in the national economy that Boone can perform. (*Id.*) The ALJ further concluded that Boone had not been under a disability from April 7, 2017, through the date of the hearing decision. (R. 19.) The ALJ determined that based on the application for a period of disability and DIB filed on May 16, 2017, Boone is not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.*) The ALJ further determined that based on the application for SSI filed on May 16, 2017, Boone is not disabled under section 1614(a)(3)(A) of the Social Security Act. (*Id.*)

## V.     DISCUSSION

Boone raises two issues on appeal. First, Boone argues the RFC is inconsistent with the determination by the ALJ that the opinion of Robert N. Pyle, M.D. ("Dr. Pyle"), a state agency medical consultant, is persuasive. (Doc. No. 15 at 7.) Second, Boone contends the ALJ erroneously failed to account for her iron deficiency anemia in the RFC. (*Id.* at 9.)

The Court addresses each of Boone's arguments below.

A.  Opinion of Dr. Pyle

Boone argues that substantial evidence does not support the ALJ's RFC because it is inconsistent with the Physical Residual Functional Capacity Assessment ("PRFCA") completed by Dr. Pyle. (Doc. No. 15 at 6-9.) The ALJ found Dr. Pyle's PRFCA persuasive but did not explicitly incorporate the manipulative limitation recommended by Dr. Pyle

7

that Boone is capable of only frequently reaching with her left arm into the RFC. Boone argues, "[b]y not placing any restrictions on [her] ability to reach with her left arm, the ALJ has concluded that this function could be performed constantly." (Doc. No. 15.) The Commissioner responds that substantial evidence supports the RFC by the ALJ. (Doc. No. 16 at 5-12.)

In the PRFCA for Boone, Dr. Pyle opined that she had the following exertional limitations: occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, stand for a total of 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and unlimited pushing or pulling. (R. 73.) Dr. Pyle further opined that Boone had the following postural limitations: occasionally climbing ramps or stairs; occasionally climbing ladders, ropes or scaffolds; occasionally balancing; unlimited stooping; unlimited kneeling; unlimited crouching; and unlimited crawling. (*Id*.) Dr. Pyle then opined that Boone had the following manipulative limitations: frequent overhead reaching with her left arm, unlimited handling, unlimited fingering, and unlimited feeling. (R. 74.) Dr. Pyle opined Boone had no visual limitations and no communicative limitations. (*Id*.) He further opined that Boone had the following environmental limitations: unlimited exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, and poor ventilation. (R. 74-75.) Dr. Pyle however opined that Boone must avoid concentrated exposure to hazards (machinery, heights, etc.). (R. 75.)

The ALJ addressed the PRFCA in the hearing decision. (R. 17.) The ALJ noted that Dr. Pyle "determined that [Boone] could perform basic work activities at the light exertional level with unlimited postural activities except that [she] can occasionally

climb[.]" (*Id.*)  The ALJ also noted that Dr. Pyle "determined that [Boone] can frequently reach with the left arm[]" and "assessed that [Boone] should avoid concentrated exposure to hazards." (*Id.*)  The ALJ found that Dr. Pyle's opinion was "persuasive as his opinion is supported by the evidence showing subdural hematoma resolved with treatment, iron deficiency, anemia with low hemoglobin and hematocrit levels, thyromegaly with no fatigue or other symptoms noted, and obesity." (R. 17-18.)  Nonetheless, the ALJ did not include the manipulative limitation of frequent reaching with Boone's left arm in his RFC. (R. 15.)  The ALJ's RFC otherwise took Dr. Pyle's medical opinion into account. (R. 17.)

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). "The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.' " *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (per curiam); *see also* Social Security Ruling 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources).

The regulations governing claims filed on or after March 27, 2017, abandon the requirement that the ALJ must give "good reasons" for the weight given medical opinions and prior administrative medical findings. *See Nix v. Saul*, Case No. 4:20-cv-00790-RDP,

9

2021 WL 3089309, at * 6 (N.D. Ala. July 22, 2021).  The regulations now direct the ALJ to evaluate the persuasiveness of each medical source using the following five factors: (1) supportability, (2) consistency, (3) length of relationship with the claimant, (4) specialization, and (5) other factors.  20 C.F.R. § 416.920c(c).  The ALJ must explain in his decision how he considered the factors of supportability[6] and consistency[7] in his determination of overall persuasiveness of each source.  *Nix*, 2021 WL 3089309, at *6; 20 C.F.R. § 416.920c(b)(2) ("[S]upportability . . . and consistency . . . are [t]he most important factors we consider . . . [t]herefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").  The persuasiveness analysis should turn on whether "the medical source's opinion is (1) supported by the source's own records and (2) consistent with other evidence of record."  *Dease v. Kijakazi*, No. 2:20-CV-394-KFP, 2022 WL 428173, at *3 (M.D. Ala. Feb. 11, 2022).  The ALJ is not required to explain how he considered the remaining factors unless he finds two or more medical opinions are equally well-supported and consistent with the record but are not exactly the same.  *Gogel v. Comm'r Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *6 (M.D. Fla. Sept. 20, 2021).

---

[6] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(c)(1).

[7] "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(c)(2).

In addition to assessing a claimant's medical evidence, an ALJ is responsible for determining a claimant's RFC. *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (citing 20 C.F.R. § 404.1546(c)). A claimant's RFC is an administrative finding as to the most the claimant can do despite her limitations and is based on all the relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. § 416.945. "Once the ALJ has determined the claimant's RFC, the claimant bears the burden of demonstrating that the ALJ's decision is not supported by substantial evidence." *Talton v. Kijakazi*, No. CV 20-00543-B, 2022 WL 822158, at *6 (S.D. Ala. Mar. 17, 2022) (citing *Flynn v. Heckler*, 768 F.2d 1273, 1274 (11th Cir. 1985)). If the ALJ's determination of the claimant's RFC is supported by substantial evidence, then the court cannot overturn the conclusion reached by the ALJ. *Shue v. Comm'r of Soc. Sec.*, 817 F. App'x 906, 908 (11th Cir. 2020) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)); *see also* 42 U.S.C. § 405(g).

Boone's argument is unavailing. Under the regulations, an ALJ is "not required to articulate how he considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(b)(1). In addition, an ALJ's RFC assessment need not "match or mirror the findings or opinions of any particular medical source . . . because the responsibility of assessing the RFC rests with the ALJ." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *8 (M.D. Fla. Sept. 26, 2019). Thus, the ALJ was not required to adopt explicitly Dr. Pyle's limitation of frequent left arm reaching for Boone.

Moreover, to the extent the ALJ was required to include Dr. Pyle's opinion concerning Boone's ability to reach with her left arm in the RFC finding, any error would be harmless. The jobs identified by the ALJ and VE that Boone would be able to perform are information clerk, office helper, and marker. (R. 19, 62-63.) As the Commissioner correctly points out, the functional requirements of these jobs involve only frequent reaching. *See* DOT § 237.367-018, 1991 WL 672187 (information clerk); DOT § 239.567-010, 1991 WL 672232 (office helper); DOT § 209.587-034, 1991 WL 671802 (marker). *See, e.g. Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (ALJ's omission of driving impairment was harmless because the identified jobs did not involve driving). Further, Boone makes no argument that the integral function of any of these jobs includes unlimited reaching. *See id*. Finally, "there is no requirement that the frequent reaching must be bilateral," and there was no limitation on Boone's ability to reach with her right arm, which according to her, is her dominant side because she is right-handed.[8] *Shawn W., v. Kijakazi*, No. 1:20-CV-1513 (ATB), 2022 WL 4094939, at *20 (N.D.N.Y. Sept. 7, 2022).

The Court finds no reversible error. The ALJ properly explained the supportability and consistency of Dr. Pyle's opinion and considered it in determining Boone's RFC. Consequently, Boone has not met her burden of demonstrating that the ALJ's decision is not supported by substantial evidence.

---

[8] (R. 56.)

    B.  Consideration of Iron Deficiency Anemia

Boone argues the RFC contains no limitations addressing her iron deficiency anemia. (Doc. No. 15 at 9.) Boone also argues the ALJ failed to provide a sufficient rationale as to how he considered the effects of her iron deficiency anemia in determining her RFC. (*Id*.) Boone further argues the ALJ failed to explain why he found she "would never need to be absent due to her anemia, not require additional breaks due to her anemia, the impact of the side effects of her infusion treatments and/or supplements, or even the actual time needed in order to take infusions." (*Id*. at 10.) Boone concludes the ALJ's RFC is not supported by substantial evidence and remand is proper. (*Id*. at 12.) The Commissioner responds Boone has not met her burden of establishing greater work-related limitations due to anemia. (Doc. No. 16.)

The ALJ found Boone's iron deficiency anemia is a severe impairment. (R. 13.) The ALJ considered the treatment notes and laboratory tests for this impairment, noting "[t]reatment notes do not show any evidence of fatigue, skin changes, depression, constipations, weakness or stiff joints." (R. 16.) The ALJ noted Boone's normal physical examination. (R. 16.) The ALJ also considered the opinion of a medical source that Boone would "miss more than four days per month from work," but found it unpersuasive "as evidence showing five of five motor strength of all extremities, normal range of motion of all joints with no deformities, and normal gait." (R. 17.) As to his RFC determination, the ALJ stated, "the objective medical evidence does not provide a basis for finding limitations greater than those determined in this decision." (*Id*.) The ALJ noted that he had "considered [Boone's] activities of daily living, medication and treatment history, and the

13

opinion evidence" in formulating his conclusion that the RFC "in this case is justified." (*Id.*)

The Court is unpersuaded by Boone's argument. No objective evidence in the record established that Boone needed to be absent due to her anemia,[9] required additional breaks due to her anemia, listed any limitations related to anemia, nor that infusion treatments would impact her ability to work. The record shows that Boone's infusions occurred prior to her actual onset date. (R. 36, 54.) In addition, Boone denied that fatigue impacted her ability to work. (R. 52) In order for Boone to establish functional limitations from anemia, "a diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient; instead, [she] must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. A'ppx 684, 690 (11th Cir. 2005). This Court's review of the record finds no evidence that Boone's anemia imposed any additional limitations not already captured by the RFC, and Boone points to none. (*See* Doc. No. 15 at 9-11.) Accordingly, Boone has not carried her burden.

Because the ALJ conducted a thorough review of the medical evidence, followed the requirements for weighing medical proof, and reached a decision based on a detailed consideration of the medical evidence, this Court concludes that the ALJ's decision is supported by substantial evidence.

---

[9] "Absenteeism due to the frequency of treatment is a relevant factor so long as the treatment is medically necessary and concerns the conditions on which the disability claim is founded." *Griffin v. Comm'r of Soc. Sec.*, No. 2:15-CV-13715, 2017 WL 991006, at *2 (E.D. Mich. Mar. 15, 2017). However, the medical record does not establish that infusion treatments are medically necessary here considering Boone has not had one since before the onset date of disability. (R. 36, 54.)

## VI.     CONCLUSION

After review of the administrative record, and considering Boone's arguments, the Court finds the Commissioner's decision to deny her disability is supported by substantial evidence and accords with applicable law.  Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 12th day of September, 2022.

_/s/ Jerusha J. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE